UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GARY REED and TOM VEVEA, as Trustees of the Minnesota Laborers Pension Fund and their successors,<br><br>Plaintiffs,<br><br>v.<br><br>CURRY CONCRETE CONSTRUCTION, INC.,<br><br>Defendant. | Civil No. 10-4329 (JRT/LIB)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Katrina E. Joseph and Pamela Hodges Nissen, **ANDERSON, HELGEN DAVIS & NISSEN, LLC**, 150 South Fifth Street, Suite 3100, Minneapolis, MN 55402, for plaintiffs.

Mitchell J. Brunfelt, **COLOSIMO PATCHIN KEARNEY & BRUNFELT, LTD.**, 301 Chestnut Street, Virginia, MN 55439, for defendant.

This matter is before the Court on defendant's objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Leo I. Brisbois on March 17, 2011. (Docket No. 16.) The underlying case addresses the failure of defendant Curry Concrete Construction, Inc. ("Curry") to make withdrawal payments to the Minnesota Laborers Pension Fund (the "Fund"), of which plaintiffs are trustees. The R&R recommends denying the motion to dismiss. (*Id.*) Because Curry's objections to the R&R are lacking in the specificity that would allow the Court to focus its inquiry, and finding no error in the Magistrate Judge's reasoning, the Court adopts the R&R.

## BACKGROUND

Plaintiffs Gary Reed and Tom Vevea ("plaintiffs") are the trustees of the Fund, and filed the instant action alleging that Curry was bound by a collective bargaining agreement ("CBA") obligating it to make contributions to the Fund. (Compl. ¶¶ 6-7, Docket No. 1.) The Fund is governed as a multi-employee, jointly trusted fringe benefit plan pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and administered according to the Employee Retirement Income Security Act (ERISA), as amended, 29 U.S.C. §§ 1001, et seq. (*Id.* ¶ 1.) When Curry ceased to be covered by the CBA, plaintiffs allege that it continued performing work of the type and within the jurisdiction of the CBA, thus incurring withdrawal liability under ERISA. 29 U.S.C. § 1383. Therefore, despite termination of the CBA, Curry owed money to the Fund and the Fund sought payment through a series of prescribed actions under ERISA. (*See* Compl. ¶¶ 12-18, Docket No. 1.) When Curry failed to comply, plaintiffs brought the instant action. Curry moved to dismiss for failure to state a claim. (Docket No. 3.)

The Magistrate Judge recommended denying the motion on the basis that to state a claim for withdrawal liability under ERISA, a complainant need only show that it made a demand for payments and that those payments were not made, which plaintiffs have done. (R&R at 7, Docket No. 16 (citing *Teamsters Pension Trust Fund of Phila. and Vicinity v. Transworld Port and Distrib. Servs., Inc.*, No. 09-3479, 2010 WL 1706186, at *2 (D.N.J. April 26, 2010)).) Further, the Magistrate Judge made this determination without reference to the Withdrawal Liability Policy which was not properly incorporated

into the complaint so as to be considered at the motion to dismiss stage of the litigation. (*Id.* at 6.)

Curry filed objections with this Court pursuant to Local Rule 72.2.  However, despite the Rule's requirement that such objections be specific, Curry simply requests that "for the reasons set forth in Defendant's Memorandum of Law and Reply Memorandum in Support of its Motion to Dismiss" the Court dismiss the complaint for failure to state a claim.  The most specific statement in Curry's objections is that the plaintiffs cannot state a claim under the Withdrawal Liability Policy, which the Magistrate Judge expressly did not consider in his review of the motion.

## DISCUSSION

### I.   STANDARD OF REVIEW

The Federal Magistrates Act provides that a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which an objection is made.  28 U.S.C. § 636.  Without objections, a district court is under no obligation to review the factual or legal conclusions of such a report, absent requirements from the Circuit in which it sits.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  The Eighth Circuit requires a district court to conduct a *de novo* review of "proper objections" to a Magistrate Judge's findings.  *See e.g.*, *Taylor v. Farrier*, 910 F.2d 518, 521 (8th Cir. 1990).  While the Eighth Circuit has not addressed what level of review is required when the objections made are not "proper", other Circuits have held that *de novo* review is not required or necessary "when a party makes general or

conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) (noting that a *de novo* review, absent specific objections, frustrates the purposes of the Magistrates Act). District courts have similarly found that when a party "is simply unhappy with the results [and] does not cite any reason why the Magistrate Judge's determination was incorrect, nor any basis for this Court to reach a different outcome[,]" the Court may review the Magistrate Judge's recommendations as if no objections were filed. *Togba v. United States*, No. 01-1916, 2002 WL 31185861, at *2 (D. Minn. Sept. 30, 2002); *see also Endeshaw v. Poston*, No. 01-1762, 2002 WL 31163388, at *1 (D. Minn. Sept. 23, 2002) ("[I]t seems that plaintiff simply disagrees with the Magistrate Judge's decision."); *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (noting that a vague and general objection to the Magistrate Judge's determination "does not constitute an 'objection' under 28 U.S.C. § 636(b)(1)"); *Mercado v. Perez Vega,* 853 F. Supp. 42, 44 (D. Puerto Rico 1993); *Keeler v. Pea,* 782 F. Supp. 42, 43 (D.S.C. 1992); *see also Howard v. Sec. of Health and Human Servs.*, 932 F.2d at 508 ("In light of the poor draftsmanship of the [objections], it is hard to see how a district court reading it would know what [the objector] thought the magistrate had done wrong.").

The Court finds that Curry's objections to the R&R in this case are not proper since they are barely two pages in length, point to no particular findings in the R&R, and at most reiterate the standard for dismissal under *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  In addition, the Court has reviewed the pleadings and the R&R and finds no merit to Curry's objections.

## II.     REVIEW OF THE R&R

Curry's objection based on the Withdrawal Liability Policy is moot since the Magistrate Judge found that the policy was not incorporated into the pleadings so that it could not be properly considered at the motion to dismiss stage of litigation.  Secondly, since the complaint is based on a violation of ERISA, not a violation of the Withdrawal Liability Policy, the Magistrate Judge did not err in interpreting ERISA rather than the policy.

As to the general objection that the case should be dismissed, the Court notes that to make out a prima facie case of withdrawal liability, plaintiffs "must establish that: (1) the Fund was a multiemployer plan within the definition of ERISA; (2) [defendant] received notice of its withdrawal liability; and (3) [defendant] failed to pay or contest its liability through arbitration . . . ."  *Nat'l Shopmen Pension Fund v. DISA Indus., Inc.*, No. 09-C-6983, 2010 WL 1251446, at *3 (N.D. Ill. Mar. 24, 2010).  The complaint so states, therefore the Court finds the Magistrate Judge did not err in his recommendation to deny the motion to dismiss.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant Curry's objections [Docket No. 17] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated March 16, 2011 [Docket

- 6 -

No. 16]. Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion to Dismiss Judgment [Docket No. 3] is **DENIED.**

DATED: May 23, 2011
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge